No. 2437. BEST v. SANDERS. April Term, 1889. In 1854, plaintiff, then sixteen years of age, filed her bill by next friend in the Court of Equity, for partition of a tract of land of which her intestate father died seized, survived by his widow and three children, of whom the plaintiff was the only child by said widow. At that time the widow had intermarried with Jesse C. Sanders. A writ of partition was duly issued, but no further proceedings are now to be found in the record. In 1855, the cause was marked ended on the docket. From that time forward, Jesse C. Sanders continued in possession of the land until his death in 1873. In the meantime his wife, the widow Stokes, died, and he remarried, and he was survived by his widow, who, together with his three children by her, lived on the land until 1877, when it was sold as the property of Jesse C. Sanders, and purchased by his widow, who claimed it as her property until her death in 1884.

In 1883, the plaintiff, under leave of the court, filed her sup-

plemental complaint in the original suit, claiming an interest in this land as a distributee of her father.  The Circuit Judge (Norton) dismissed the complaint, saying that a conveyance to Jesse C. Sanders would be presumed.

On appeal by the plaintiff, the court say: "We think the testimony fully warrants the conclusion reached by the Circuit Judge that the plaintiff and her husband are presumed to have formally conveyed her interest in the land to Jesse C. Sanders. * * * Without going into any discussion of the evidence, which it is unusual and unnecessary for this court to do, it is sufficient for us to say that the silence and inaction of the plaintiff for more than twenty years after she had attained her majority, especially when coupled with the circumstances tending to show that she had, through her guardian, received full payment for her interest in this land, are quite sufficient to warrant, if it does not irresistibly lead to, the conclusion adopted by the Circuit Judge. When it is remembered that the original proceeding for partition was instituted by the plaintiff alone, who, though then a minor, had at least attained the age of fifteen years, an age at which she was certainly competent to understand what was going on, as is shown by the fact that she testifies in this case with some particularity as to what occurred when the commissioners in partition went upon the land for the purpose of dividing it, and were unable to agree as to the amount at which the land should be assessed; when she knew, as she says, that she had an interest in the land and needed it; when it appears that Jesse C. Sanders was buying up the interests of the other heirs; when it appears from the testimony that a sum of money was paid to her guardian by Jesse C. Sanders shortly before she became of age, which, together with an amount previously overpaid to her former guardian on account of her interest in the personal estate of her father, was sufficient to pay for her interest in the real estate, and which cannot be accounted for in any other way; when it appears that after her marriage, and after she had attained her majority, this sum of money was accounted for to her by her guardian on final settlement; and when she remained entirely silent and inactive for more than twenty years, making no claim whatever, so far as the testimony shows, although this land, in which she now claims an interest, was in the meantime offered for sale as a part of the

estate of Jesse C. Sanders at public sale, and bid off by his widow at what seems to have been its full value, we cannot doubt that the Circuit Judge was fully warranted in reaching the conclusion which he has adopted."

Judgment affirmed. OPINION by MR. JUSTICE McIVER, June 24, 1889. *J. L. Tobin,* for appellant. *J. J. Maher,* contra.